**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Bethany T., as next friend of and on behalf of T.T., a minor

v. Civil No. 11-cv-464-SM

Raymond School District with School Administrative Unit 33; Superintendent Dr. Jean Richards, in her individual and official capacity; Principal Mr. Kirk Bietler, in his individual and official capacity; and Assistant Principal Ms. Jayme Rodriguez, in her individual and official capacity

# O R D E R

Plaintiff has sued in six counts. She asserts claims under 42 U.S.C. § 2000d (Count I), 42 U.S.C. § 1983 (Count II), N.H. Rev. Stat. Ann. § 354-B (Count III), and the common law of New Hampshire (Counts IV and V). She also asserts a claim for attorney's fees under 28 U.S.C. § 1988 (Count VI).[1] Plaintiffs' claims are all based upon defendants' alleged failure to protect plaintiff's son, T.T., from acts of racial discrimination inflicted on him by fellow students at Raymond High School ("RHS"). Before the court is defendants' sealed motion to

[1] Given that the United States Code includes no 28 U.S.C. § 1988, the court presumes that the claim for attorney's fees arises under 42 U.S.C. § 1988.

compel plaintiff to execute authorizations for the release of records pertaining to both T.T.'s general medical care and certain mental-health counseling he has received. Plaintiff objects. For the reasons that follow, defendants' motion to compel is granted in part.

## Background

Based upon Bethany T.'s complaint, as supplemented by information revealed in the motion, objection, and reply now before the court, the relevant factual background is as follows. During the 2010-2011 school year, T.T. was a freshman at RHS. On nearly a dozen occasions during that year, T.T. was subjected to racial slurs directed toward him by other RHS students. In addition, T.T. was the target of incidents in which: (1) a student threatened to burn a cross in his front yard while wearing a white hood; and (2) a student taunted him with a library book about the Ku Klux Klan, asking T.T. if he wanted to learn anything from that book. RHS officials disciplined some but not all of T.T.'s harassers. In her complaint, Bethany T. alleges that

> [a]s a result of the Defendants' repeated failures to act, T.T. has suffered from severe emotional distress, including, but not limited to depression, anxiety, humiliation, shame, crying, loss of sleep and nightmares. T.T.'s emotional distress has also

>    manifested itself into physical symptoms, including,
>    but not limited to severe migraines and stomach aches.

Redacted Compl. (doc. no. 1-3) ¶ 68.

In February of 2012, T.T. attempted suicide. As a result, he received treatment from a Dr. Burnett at Seacoast Mental Health. In the fall of 2012, T.T. and his now former partner participated in couples counseling that was provided by Bonnie Kanin.

## Discussion

During the course of motion practice, defendants have diminished the scope of some of their discovery requests, and the parties have resolved some of the issues that prompted defendants to file their motion to compel. Accordingly, the parties' dispute is now limited to defendants' requests for:

   A.   Authorizations for the records from non-mental
        health medical providers from September, 2005 (5
        years before [ ] T.T.'s freshman year) to the
        present; and

   B.   Authorizations for the mental health records from
        Bonnie Kanin, who treated T.T. through couples
        counseling regarding a relationship that began
        before or during T.T.'s freshman year and ended
        in 2012.

Defs.' Sealed Reply (doc. no. 23), at 3. The court begins by outlining the relevant legal principles and then turns to the two remaining disputes.

### A. Legal Principles

"Unless otherwise limited by court order, the scope of discovery . . . [extends to] any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  A party dissatisfied with an opponent's response to a request for discovery may "move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1)

"[T]he purpose of pretrial discovery is to 'make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"  Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (quoting Macaulay v. Anas, 321 F.3d 45, 53 (1st Cir. 2003)).  In this court, the party moving to compel discovery over an adversary's objection bears the burden of showing that the information he seeks is relevant and not privileged.  Id. at *2; see also Saalfrank v. Town of Alton, No. 08-cv-46-JL, 2009 3578459, at *3 (D.N.H. Oct. 27, 2009).

B. General Medical Records[2]

Defendants ask the court to compel Bethany T. to provide authorizations for the release of all of T.T.'s general medical records for a period running from September, 2005, through the present.  Plaintiff contends that she has produced all the general medical records that are relevant.  The court does not agree.

Plaintiff devotes much of her objection to an argument that to be relevant, and subject to discovery, a general medical record from the 2010-2011 school year must have been created roughly contemporaneously with one of T.T.'s harassment-related absences from school.  She takes too narrow a view of relevance.  That <u>she</u> might not rely upon a particular medical record to prove her claims does not make that record irrelevant to a reasonable defense to her claims.  Bethany T. has placed T.T.'s physical health at issue by claiming that the harassment she alleges caused T.T. to suffer emotional distress with physical manifestations.  Defendants have a right to information about T.T.'s baseline physical health prior to the alleged racial harassment, including information about the possible pre-existence of any of the physical conditions that Bethany T.

---

[2] By "general medical records," the court refers to all medical records not generated by providers of mental-health care.

claims to have been caused by the alleged harassment. Such information is necessarily to be found in plaintiff's general medical records from September of 2005 through the date of his enrollment at RHS. Moreover, it is clear that T.T. was beset by emotional stressors other than the alleged harassment before, during, and after the conduct at issue in this suit, which further underscores the potential relevance of the medical records defendants seek. Because they have carried their burden of demonstrating relevance and privilege is not an issue, defendants are entitled to authorizations for the release of all of T.T.'s general medical records for a period running from September 2005, through the present. See Wamala, 2010 WL 3746008, at *2.

### C. Records of T.T.'s Couples Counseling

Defendants seek an authorization for the release of Bonnie Kanin's records of the couples counseling she provided to T.T. and his former partner starting in the fall of 2012. Plaintiff objects, on grounds that those records are irrelevant and cannot be released without the consent of T.T.'s former partner. Plaintiff's argument is partially meritorious, but even so, defendants are entitled to a portion of the records they seek.

Taken as a whole, Kanin's records of T.T.'s couples counseling are relevant or reasonably calculated to lead to the

discovery of admissible evidence.  Just as T.T.'s general medical records are relevant for the purpose of establishing a baseline for determining the extent of defendants' liability, if any, for various physical ailments that T.T. is alleged to have suffered, so too are the records of T.T.'s couples counseling relevant to determining the extent to which defendants may be liable for emotional distress T.T. is alleged to have experienced after his year at RHS.  The court rests that conclusion on the common-sense proposition that the issues that inspired T.T. to participate in couples counseling could reasonably be expected to have caused emotional distress.  If so, that would be emotional distress for which defendants are not liable.

   For her part, plaintiff says that Kanin's counseling records are not relevant, but she offers no reasoned support for that position.  Moreover, her production of the records of T.T.'s treatment with Dr. Burnett in 2012 demonstrates her recognition that at least some mental-health records post-dating the alleged harassment are relevant.  In sum, to the extent that the records of T.T.'s couples counseling include information on T.T.'s emotional state during a time period for which Bethany T. is claiming emotional-distress damages, defendants have carried their burden of establishing the relevance of those records.

But, defendants also bear the burden of establishing that the records they seek are not privileged. See Wamala, 2010 WL 3746008, at *2. That presents a somewhat thornier issue. It would seem to be indisputable that the records of T.T.'s couples counseling include a variety of information about T.T.'s former partner. Information about T.T.'s former partner, in turn, is both irrelevant to any claim or defense in this case and, more importantly, privileged. Thus, even if Bethany T. were willing to authorize the release of information about T.T.'s former partner, she is in no position to do so, given that such information is confidential to the former partner.

Happily, there is a way around the conundrum created by defendants' right to some but not all of the information contained in Kanin's records of T.T.'s couples counseling. Specifically, defendants are entitled to an authorization for the release of the records of T.T.'s couples counseling, so long as the records released to defendants are redacted to eliminate anything that identifies T.T.'s former partner. In other words, defendants are entitled to a release that is tailored to the production of only the information in Kanin's records that is relevant to their defenses and that is T.T.'s information to release.

**Conclusion**

For the reasons described above, defendants' sealed motion to compel, document no. 16, is granted, but with the proviso that the authorization to release the records of T.T.'s couples counseling shall direct Bonnie Kanin to redact anything in those records that would identify T.T.'s former partner.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

February 26, 2013

cc:  Brian J.S. Cullen, Esq.
     Karen E. Hewes, Esq.