UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bethany T., as next friend and
on behalf of T.T., a minor,
    Plaintiff

    v.                                      Case No. 11-cv-464-SM
                                            Opinion No. 2013 DNH 074

Raymond School District with
School Administrative Unit 33,
Superintendent Dr. Jean Richards,
in her individual and official
capacity, Principal Mr. Kirk Beitler,
in his individual and official
capacity, and Assistant Principal
Ms. Jayme Rodriguez, in her
individual and official capacity,
    Defendants

**O R D E R**

Defendants move for summary judgment on all counts (doc. no. 28). For the following reasons, the motion is granted in part and denied in part.

*Title VI Claim (Count I)*

Plaintiff brings her Title VI claim (Count I) against all defendants. Individuals, however, cannot be held liable under that statutory provision. See Shotz v. City of Plantation, 344 F.3d 1161, 1169-71 & n. 11 (11th Cir. 2003) (collecting cases); Thomas v. Salem State Univ. Found., Inc., 2011 WL 5007973, at *6 (D. Mass. Oct. 18, 2011); Howard v. Feliciano, 2008 WL 3471295,

at *10 (D.P.R. Aug. 8, 2008). Summary judgment in favor of the individual defendants on plaintiff's Title VI claim is, therefore, warranted.

Summary judgment on plaintiff's Title VI claim as asserted against the school district and the school administrative unit, however, is not subject to summary disposition. The central issue is whether the District was deliberately indifferent to the alleged student-on-student harassment.[1] See Bryant v. Indep. Sch. Dist. No. I-38, 334 F.3d 928, 931-34 (10th Cir. 2003) (applying deliberate indifference standard to peer racial harassment claim under Title VI) (relying on Davis v. Monroe Cty. Bd. Of Educ., 526 U.S. 629, 641-44 (1999) (applying deliberate indifference standard to peer harassment claim under Title IX)). See also Zeno v. Pine Plaines Cent. Sch. District, 702 F.3d 655, 665 (2d Cir. 2012) (applying deliberate indifference standard to peer racial harassment claim under Title VI); Saxe v. State Coll. Area Sch. Dist., 240 F.3d 200, 206 & n. 5 (3d Cir. 2001) (same,

---

[1] Defendant also argues that, as a matter of law, the racial harassment was not "severe, pervasive, and objectively offensive." Davis, 526 U.S. at 652. A reasonable jury, however, could conclude that the harassment, which included a cross-burning threat and direct references to the infamous Ku Klux Klan, was "more than the sort of teasing and bullying that generally takes place at schools." Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist., 647 F.3d 156, 167 (5th Cir. 2011). Context is everything in such cases, and that appears, on this record, to be a disputed factual matter.

and noting that Davis' deliberate indifference standard "applies equally" to Title VI harassment claims).

Deliberate indifference is shown where the "funding 'recipient's response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances.'" Brodeur v. Claremont Sch. Dist., 626 F. Supp. 2d 195, 209 (D.N.H. June 12, 2009) (Laplante, J.) (quoting Davis, 526 U.S. at 648). See also Fitzgerald v. Barnstable Sch. Comm., 504 F.3d 165, 175 (1st Cir. 2007) (The "proper inquiry is limited to whether the school actions were so lax, so misdirected, or so poorly executed as to be clearly unreasonable under the known circumstances") rev'd on other grounds 555 U.S. 246 (2009). Although, "[i]n an appropriate case" a court may decide, as a matter of law, that the defendant acted with deliberate indifference, Davis, 526 U.S. at 649, deliberate indifference usually presents a jury question. See e.g., Patterson v. Hudson Area Schools, 551 F.3d 438, 449-50 (6th Cir. 2009) ("It is for a jury to decide if Hudson's actions were 'clearly unreasonable.'").

The school district here posits that this is an appropriate case for summary judgment because the basic facts about what actions it took in response to the alleged harassment are not in serious dispute. Those basic facts, however, give rise to

competing inferences about the reasonableness of the district's actions in light of the known circumstances. See generally Rockwell Graphic Sys., Inc. v. DEV Indus., 925 F.2d 174, 180 (7th Cir. 1991) (Posner, J.) ("[W]hat is reasonable is itself a fact for purposes of Rule 56 of the civil rules."); Lipsett v. Univ. of Puerto Rico, 637 F. Supp. 789, 799 (D.P.R. 1986) ("If from an agreed set of facts one finds that reasonable jurors could draw an inference determinative of the opposing party's claim, then summary judgment would be improper."), citing Taylor v. Gallagher, 737 F.2d 134 (1st Cir.1984). Here, for the reasons set forth in plaintiff's brief, "[a] jury could find . . . that the investigative or the corrective aspect of the District's response to the incidents as a whole was so lacking as to amount to deliberate indifference." Brodeur, 626 F. Supp. 2d at 209 (denying motion for summary judgment on Title IX sexual harassment claim). See also Patterson, 551 F.3d at 448 ("We cannot say that, as a matter of law, a school district is shielded from liability if [it] knows that its methods of response . . ., though effective against an individual harasser, are ineffective against persistent harassment against a single student. Such a situation raises a genuine issue of material fact for a jury to decide.").

*Section 1983 Equal Protection Claim (Count II)*

"Ordinarily, the issue of whether a municipality had a custom or policy that caused a violation of a plaintiff's rights is a jury question." Logiodice v. Trustees of Maine Central Inst., 170 F. Supp. 2d 16, 31 (D. Me. 2001) (citing Trevino v. Gates, 99 F.3d 911, 920 (9th Cir. 1996)), aff'd 296 F.3d 22 (1st Cir. 2002). Nevertheless, summary judgment is "appropriate if, on the given facts, no reasonable jury could conclude that the municipality had such a policy or custom." Id.

Here, defendants' argument with regard to policy, practice, or custom is not well-developed, and is insufficient to support entry of judgment. The core of the argument consists of little more than a general assertion of the absence of policy or practice evidence. See Def. Br., doc. no. 28-1, at 29. But school principals and superintendents may be "policymakers" for purposes of school discipline, see e.g., Radideau v. Beekmantown Cent. Sch. Dist., 89 F. Supp. 2d 263, 268 (N.D.N.Y. 2000), and, as plaintiff points out, the actions or inactions of policymakers may evidence a custom or practice of the municipality. See generally City of Canton v. Harris, 489 U.S. 378, 388-89 (1989). There appears to be a triable issue regarding the municipal defendants' policies, practices, or customs, at least in that respect.

5

Defendants suggest that the deliberate indifference standard for harassment claims brought under the Equal Protection Clause is higher than, say, the deliberate indifference standard under Title VI.  Defendants raised the issue for the first time in their reply brief, and further, cite to and argue from two Second Circuit Court of Appeals decisions that do not support their argument.  In those cases the court held that, where plaintiff alleges that the defendant inadequately responded to racial harassment, deliberate indifference by the school administrators is sufficient to establish intentional discrimination in the equal protection context.  See Destiso v. Cook, 691 F.3d 226, 241 (2d Cir. 2012) (holding that deliberate indifference standard applies in equal protection context where racial harassment is alleged); Gant ex re. Gant v. Wallingford Bd. of Educ., 195 F.3d 134, 140 (2d Cir. 1999) (same).  There is no meaningful difference between the standard applied in those cases and in Title VI cases, where deliberate indifference in the harassment context is also regarded as equivalent to intentional discrimination.

For these reasons, defendants have not met their burden to show that they are entitled to judgment as a matter of law with regard to plaintiff's Section 1983 claim.  Defendants' motion for summary judgment as to Count II is denied.

*Qualified Immunity – Federal Law Claims*

The individual defendants say they are entitled to qualified immunity under the authority of Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), but the argument is weak and undeveloped. Defendants conclusively assert that they "were not deliberately indifferent to the allegations of harassment." Def. Br., doc. no. 28-1 at 34. But, there is a triable issue of fact regarding the adequacy of defendants' response to the harassment, and on this record, a reasonable jury could find otherwise.

*Absolute Immunity Under the Coverdell Act*

Defendants claim that they are entitled to absolute immunity under the Coverdell Act, 20 U.S.C. §§ 6731 et seq. The Act provides, in pertinent part, that "no teacher in a school shall be liable for harm caused by an act or omission of the teacher on behalf of the school." Id. at § 6736. For immunity to attach, the "actions of the teacher," must have been "carried out in conformity with Federal, State, and local laws," and the harm must not have been "caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher." Id. at § 6736(a)(2), 6736(a)(4).

Because there is a triable issue as to whether defendants violated Title VI, they do not qualify for Coverdell immunity, as a matter of law, i.e., as educators who "carried out [their actions] in conformity with Federal . . . law."  Moreover, because the record as it stands could support a jury's conclusion that defendants were deliberately indifferent to the harassment, it necessarily could also support the conclusion that the defendants were grossly negligent.

Summary judgment on the basis of immunity under the Coverdell Act is, therefore, unwarranted.

*RSA 354-B Claim (Count III)*

RSA 354-B:2 authorizes the state attorney general to "bring a civil action for injunctive or other appropriate equitable relief" if he "has probable cause to believe the any person has violated any provision" of the state civil rights act.  N.H. Rev. Stat. Ann. ("RSA") 354-B:2.  Defendants move for summary judgment on plaintiff's RSA 354-B:2 claim (Count III) on the ground that only the attorney general is authorized to bring suit under that statutory provision.  Plaintiff apparently agrees, as she has offered no objection or challenge to the argument.

Summary judgment in favor of all defendants on Count III, therefore, is warranted.

*Intentional Infliction of Emotional Distress (Count IV)*

To prove her claim for intentional infliction of emotional distress, plaintiff must show that defendants (1) acted intentionally or recklessly; (2) that their acts were extreme and outrageous; and (3) that their acts caused the plaintiff to suffer severe emotional distress. Morancy v. Morancy, 134 N.H. 493, 496 (1991). Defendants will be liable only if their conduct was "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Mikell v. Sch. Admin. Unit No. 33, 158 N.H. 723, 729 (2009) (quoting Rest. 2d Torts § 46). The standard's bar is so high as to be "formidable." Brodeur, 626 F. Supp. 2d at 224 (Laplante, J.).

Considering the facts of record, and indulging all reasonable inferences in plaintiff's favor, there does not appear to be a triable issue for the jury on the element of "extreme and outrageous" conduct. As noted, a jury could find that defendants had knowledge of the alleged harassment and a duty to act in a timely and effective manner, but failed — even failed because

they were deliberately indifferent — though they took some remedial or preventative action.  However, given the remedial and preventative steps taken, a jury may well not find deliberate indifference.  More to the point, on this record a jury could not reasonably find that defendants' at most indifferent conduct was "beyond all possible bounds of decency," or "utterly intolerable in a civilized community."  Here, as in Brodeur, although a reasonable jury could find that the school administrators acted with deliberate indifference towards the harassment, their conduct did not come close to being extreme or outrageous.  See Brodeur, 626 F. Supp. 2d at 224 (denying summary judgment on Title IX deliberate indifference claim and granting summary judgment in favor of defendants on intentional infliction of emotional distress claim; despite "the stringency of" the deliberate indifference standard, "the test for intentional infliction of emotional distress is even higher," and was not met) (Laplante, J.).  See also Mikell, 158 N.H. at 730 ("While there is no question that a teacher falsely reporting misconduct by a student is a reprehensible act, the circumstances of this case are simply not 'beyond all possible bounds of decency.'").

Summary judgment in favor of defendants is, therefore, warranted on plaintiff's intentional infliction of emotional distress claim (Count IV).

*Negligence (Count V)*

Defendants first argue that they are entitled to immunity under RSA 507-B on plaintiff's state law negligence claim (Count V).[2] The statute provides that "[n]o governmental unit shall be liable in any action to recover for bodily injury, personal injury or property damage except <u>as provided by this chapter</u> or <u>as is provided or may be provided by other statute</u>." RSA 507-B:5. The statute further specifies that "[a] governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises . . ." RSA 507-B:2.

The statute also provides that the limitations of liability enjoyed by municipalities are equally available to their employees, so long as the employees acted "within the scope of [their] office and in good faith." RSA 507-B:4(IV).

Defendants contend that the statute limits permissible actions against municipalities to those involving personal injuries arising from a municipality's operation or maintenance

---

[2] Because summary judgment is granted on the intentional infliction of emotional distress claim, the statutory immunity issue is relevant only to the negligence claim.

of "motor vehicles" or "premises," or to those which have been otherwise "provided by [state] statute."  Because, say defendants, plaintiff's common law claim for negligence is not a statutory claim, they are entitled to immunity.

The court in Farrelly v. City of Concord, 2012 WL 6643278, at *1 (D.N.H. Dec. 20, 2012) (McCafferty, M.J.), recently noted that the scope of immunity under RSA 507-B has "been subject to little or no development in the opinions of the New Hampshire Supreme Court."  Id. (vacating its prior decision that rejected defendants' narrow reading of RSA 507-B, and declining supplemental jurisdiction over state law claims in light of unsettled nature of state law).  Some New Hampshire cases, however, as well as a recent decision from this court, support defendants' argument that RSA 507:B confers on the municipal defendants immunity from plaintiff's negligence claim.  See e.g., Farm Family Casualty Ins. Co. v. Town of Rollinsford, 155 N.H. 669, 671 (2007); Bowser v. Town of Epping, No. 218-2009-CV-232 (Rockingham Cty. Superior Court, June 30, 2010); Foley v. Town of Lee, 871 F. Supp. 2d 39, 53 (D.N.H. 2012) (Laplante).

New Hampshire's law is hardly settled with respect to RSA 507:B's reach, but, plaintiff's failure to meaningfully address the municipal defendants' claim to statutory immunity, see Pl.

Br., doc. no. 32-1, at 45-46, is construed as a concession that the school district and the school administrative unit are entitled to immunity on the negligence claim.  Put differently, defendants have demonstrated their entitlement to statutory immunity and plaintiffs have not called that claim into question, nor shown that a dispute about material facts warrants denial of the motion.

With regard to the individual defendants, plaintiff has adequately shown that a material factual dispute exists regarding their good faith, such that the court cannot say, as a matter of law, that they are entitled to immunity under RSA 507-B:4(IV).

In addition, the individual defendants are not entitled to summary judgment on an alternative ground — that there is no material factual dispute as to whether they were negligent.  For the same reasons that a jury could find that defendants were deliberately indifferent to the racial harassment, they could easily find that they are liable under the less stringent negligent standard.

**Conclusion**

For the foregoing reasons, defendants' motion for summary judgment, doc. no. 28, is granted in part and denied in part, as discussed above.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 10, 2013

cc: Jon N. Strasburger, Esq.
   Karen E. Hewes, Esq.
   Brian J. S. Cullen, Esq.